## Rudolph Wurlitzer Co. *v.* Pearson, Appellant (No. 2).

*Judgment—Opening judgment—Warrant of attorney—Bailment —Variance—Amendment.*

Where a judgment has been entered by default on a warrant of attorney contained in a bailment or lease of a musical instrument, the judgment will not be opened because the copy of the lease filed varied from the original, in containing a clause wherein the bailee agreed to pay the bailor either before or after repossessing the instrument such rental as should be in arrears and unpaid at the time of such repossessing. Such variance is subject of amendment.

Argued Dec. 17, 1915. Appeal, No. 315, Oct. T., 1915, by defendant, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1914, No. 3927, discharging rule to open judgment in case of Rudolph Wurlitzer Co. v. James H. Pearson. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule to open judgment.

The facts are stated in Rudolph Wurlitzer Co. v. Pearson (No. 1), supra.

*Error assigned* was order discharging rule to open judgment.

*M. D. Hayes* and *E. P. Gallagher,* for appellant.

*Howard E. Heckler,* for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The petition to open the judgment set forth an error in the copy of the lease on which the judgment was founded and the violation of an oral agreement alleged to have been made at the time the contract was signed according to which as is alleged the plaintiff agreed to keep the instrument leased to the defendant in repair.  By agreement of counsel it was stipulated that no question would be raised in the appeal except the variance between the copy of the contract filed and the original agreement. This variance consisted in the entry in the copy filed of a clause wherein the bailee agreed to pay the bailor either before or after repossessing the instrument such rental as shall be in arrears and unpaid at the time of such repossessing.  This provision related entirely to the taking back of the instrument by the lessor and has no relation to the question here involved.  The lessor is not asserting his right to recover the instrument but is affirming the contract by seeking to collect the money due thereon.  The mistake is a subject of amendment and is not a foundation on which to support an application to open the judgment.

The order is affirmed and the appeal dismissed at the cost of the appellant.